The plaintiff Jinkins then filed an affidavit, stating that he verily believed Morgan, the garnishee, had in his hands property of Langdon subject to his claim, and prayed that the same might be inquired into on an issue before a jury, pursuant to an act of the General Assembly.
The issue submitted was as follows: "Whether James Morgan had any money or property, and to what amount, at the time he was (387) summoned as garnishee, liable to the plaintiff's demand, over and above the $57.88 admitted in his garnishment?" The defendant contended that he was not liable at law for anything more than the sum admitted to be in his hands; that if Langdon had any claim upon him, it was an equitable one, which could only be asserted in a court of equity. The objection was overruled by the court, and the jury found that there was in the hands of the defendant at the time he was summoned as garnishee the sum of $62.47 liable to the plaintiff's demand, over and above the $57.88. The defendant moved for a new trial; the motion was denied, and the court then, on motion of the plaintiff, and on inspection of the records in the cases of Haggarty Noble and J. T. Garness against Isaac N. Langdon, rendered judgment for the plaintiff against James Morgan for the sum of $62.47, and also for the sum of $57.88. Defendant appealed.
The records of the suit were exhibited to the court, (389) in which it had been stated by the garnishee that he had given in his garnishment before that time; the court decided upon them and the jury decided upon the facts, and a general judgment was given against the defendant. If the court erred in any particular, that error should be set forth; none is perceived, and judgment must be affirmed.
PER CURIAM. No error.